DISTRICT JUDGE MCKEON
specially concurs.
¶57 I agree with the decision reached in the majority opinion. However, this opinion does not fully state my views on the use of the common law plain error review in reaching this decision. For this reason, I issue this concurring opinion.
¶58 The majority opinion fails to point out that common law plain error review involves an analysis of whether or not the alleged error was harmless. In criminal cases, this analysis places the burden on the State to show plain error found on review to be harmless beyond a reasonable doubt.
¶59 Although not clearly stated, it is my feeling that analysis for harmless error played a significant part in applying the common law plain error review to this case. The “either/or” rule and model jury instructions found in the majority opinion are from People v. Gordon (1985), 165 Cal.App.3d 839, 212 Cal.Rptr. 174. After finding error, one must note that the Gordon court proceeded to analyze whether the error was harmless beyond a reasonable doubt. Gordon, 165 Cal.App.3d at 855,212 Cal.Rptr. at 185. Further, this Court itself, in a prior criminal case applying plain error review, stated clearly what is missing here; i.e., the error was not harmless beyond a reasonable doubt. State v. Sullivan (1996), 280 Mont. 25, 35, 927 P.2d 1033, 1039.
¶60 The significance of involving questions of harmless error into this analytical process is more clearly pointed out in Gordon. In Gordon, the court pointed out that there was presented more than one explanation to the two distinct and different acts of alleged molestation. The test applied for harmless error was “whether the case is *76 one in which the jury’s verdict necessarily implies that it did not believe the only defense offered.” Gordon, 165 Cal.App.3d at 855, 212 Cal.Rptr. at 185. The court then concluded that because “the jury could have accepted one of the defenses and not another... there is no basis in reason for the inference that the jury must have believed beyond a reasonable doubt” that the defendant committed both acts of molestation. Gordon, 165 Cal.App.3d at 856, 212 Cal.Rptr. at 186.
¶61 In this case, Weaver presented more than one explanation as a defense to the charges against him. As such, the State was unable to prevail using the “only defense” argument found in Gordon. Yet, the point of Gordon is that there may be circumstances where the State is able to show beyond a reasonable doubt that error triggering common law plain error review is harmless. Those circumstances do not exist in this case.
¶62 An understanding of the circumstances of each case is not only pertinent to a review for harmless error but is also needed to address the Court’s admonition that a common law plain error review without contemporaneous objection be used “sparingly”. Parties on appeal seeking plain error review or responding to such efforts should make every effort to understand why contemporaneous objection was not made. It is possible that under the circumstances of the case, a tactical decision was knowingly made by a party not to make contemporaneous objection. In such event, it might be implied that the party believed the error to be harmless. Again, the burden is on the State to show the error to be harmless beyond a reasonable doubt and based on the record in this case it was unable to do so.